**UNITED STATES of America,**
**Appellee,**
v.
**Vito BONGIORNO, Appellant.**
**No. 469–70.**

United States Court of Appeals,
Tenth Circuit.
June 23, 1971.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., with him on the brief) for appellee.

Louis J. Vener, Albuquerque, N. M., for appellant.

Before LEWIS, PICKETT and JONES *, Circuit Judges.

PER CURIAM:

The appellant was convicted of a Dyer Act violation. He was stopped in New Mexico by a state highway patrolman because his license plates were fastened to the car only at one corner of the plates. They were loose, dangling and swinging. When the officer stopped the car, he asked for registration documents and found that these did not agree with the numbers on the car. The officer took the car and driver into Moriarity, New Mexico, and questioned him. It developed that the car was stolen. A motion to suppress evidence was denied. The contention made in the district

---

* Of the Fifth Circuit, sitting by designation.

court and the only contention here urged is that the officer had no right to stop the car, that the arrest was unlawful and the search was illegal.

Section 64–3–13(b), New Mexico Statutes Annotated, 1953, requires that every motor vehicle registration plate be at all times securely fastened in a horizontal position to the vehicle for which it is issued, so as to prevent the plate from swinging. The provision's express purpose is that the plates be "clearly visible" and "clearly legible." No exception is made for vehicles of nonresidents, and by Section 64–3–1, violation of the section is a misdemeanor.

The officer, having observed the commission of a criminal offense, was acting within his rights in stopping the car, requiring production of identification of the car and, upon discovering the discrepancies, of taking the car and its driver into town. The development of the information as to the ownership of the car and its unlawful transportation were proper incidents of the search and seizure of the car. The judgment and sentence of the district court is

Affirmed.